543-08/MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Petitioner
EITZEN BULK A/S.,
80 Pine Street
New York, NY  10005
(212) 425-1900 / (212) 425-1901
Michael E. Unger

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------------------------x
EITZEN BULK A/S.,

                Petitioner,

- against-

STANDARD CHARTERED BANK, WELLS FARGO
& COMPANY, and JPMORGAN CHASE & CO.,
                Respondents

------------------------------------------------------------------x

**PETITION PURSUANT TO CPLR ART. 4, CPLR §§ 5222, 5224, 5225, and 5227.**

Petitioner EITZEN BULK A/S., (hereinafter "EITZEN") through its attorneys Freehill, Hogan & Mahar, LLP, for its Petition for relief against Respondents, STANDARD CHARTERED BANK ("STANDARD CHARTERED"), WELLS FARGO & COMPANY ("WELLS FARGO"), and JPMORGAN CHASE & CO. (JPMORGAN), collectively "Respondents", state as follows:

1. At all times material hereto, Petitioner EITZEN was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Camillo Eitzen House, Amerika Plads 38 DK-2100 Copenhagen Denmark.

2. At all times relevant hereto, Respondent STANDARD CHARTERED was and still is a foreign business entity duly organized and existing under the laws of a foreign state authorized by the New York State Banking Department and/or The National

358351.1

Banking Act 12 U.S.C. §1 *et seq.* to conduct banking business in New York and with a place of business at One Madison Avenue, 3rd floor, New York, NY 10010-3603.

3. At all times relevant hereto, Respondent STANDARD CHARTERED was a banking institution conducting the business of banking and financial service and supplying goods and services, commercial or otherwise, within the State of New York pursuant to the laws of the United States and the laws of the State of New York. Respondent STANDARD CHARTERED is subject to the general jurisdiction of this Court pursuant to Art. 3 of the CPLR, including but not limited to CPLR § 302(a)(1).

4. At all times relevant hereto, Respondent WELLS FARGO was and still is a foreign business entity duly organized and existing under the laws of a foreign state authorized by the New York State Banking Department and/or The National Banking Act 12 U.S.C. §1 *et seq.* to conduct banking business in New York and with a place of business at 12 E. 49th Street, New York, NY 10017.

5. At all times relevant hereto, Respondent WELLS FARGO was a banking institution conducting the business of banking and financial service and supplying goods and services, commercial or otherwise, within the State of New York pursuant to the laws of the United States and the laws of the State of New York. Respondent WELLS FARGO is subject to the general jurisdiction of this Court pursuant to Art. 3 of the CPLR, including but not limited to CPLR § 302(a)(1).

6. At all times relevant hereto, Respondent JPMORGAN was and still is a foreign business entity duly organized and existing under the laws of a foreign state authorized by the New York State Banking Department and/or The National Banking Act

358351.1

12 U.S.C. §1 *et seq.* to conduct banking business in New York and with a place of business at 4 West 57th Street, New York, NY 10019.

       7.      At all times relevant hereto, Respondent JPMORGAN was a banking institution conducting the business of banking and financial service and supplying goods and services, commercial or otherwise, within the State of New York pursuant to the laws of the United States and the laws of the State of New York. Respondent JPMORGAN is subject to the general jurisdiction of this Court pursuant Art.3 of the CPLR, including but not limited to CPLR § 302(a)(1).

      8.      On or about January 18, 2008 Petitioner EITZEN entered into a maritime contract of affreighment ("COA") with non-party Ashapura Minechem Ltd.("Ashapura"), for a period of 2 years and 10 months to carry a series of cargoes of bauxite from India to China. See Complaint in SDNY action attached to Unger Affidavit as Exhibit A.

      9.      Non-party Ashapura breached the COA by failing to provide cargo as required under the contract. Ex A.

      10.      Petitioner EITZEN, pursuant to the COA, commenced arbitration against non-party Ashapura in London. Ex. A.

      11.      Plaintiff EITZEN prevailed in the arbitration and was awarded the following sums. See Final Arbitration Award attached to Unger Affidavit as Exhibit B.

      a.   $36,306,104.00 for damages for repudiation of the COA.

      b.   $74,135.00 for breach of the arbitration clause in the COA

      c.   £90,233.66 ($147,650.16 at 1$ = £0.611131) for breach of the arbitration clause in the COA

358351.1

The total of the above amounts equals $36,527,889.16

12. The United States District Court for the Southern District of New York in the above captioned matter entered a Judgment on July 24, 2009 in favor of Plaintiff EITZEN. See Judgment of SDNY July 24, 2009, attached to the Unger Affidavit as Exhibit C.

13. The District Court entered Judgment in favor of Plaintiff EITZEN in the amount of $36,606,769.74, plus costs in the amount of $250.00, and plus interest at the rate of 5% from the date of entry until the Judgment is satisfied. See Ex. C at 2-3.

14. The amount remaining unpaid, as stated in the District Court's Judgment of July 24, 2009, is $36,606,769.74, plus costs of $250.00 and interest at the rate of 5% per annum from July 24, 2009.

15. Enforcement of the District Court's Judgment in this matter has not been stayed.

16. The last known address of Judgment Debtor Ashapura was Jeevan, Udyog Building, 3rd Floor, 278, D.N. Road, Fort, Mumbai - 400 001, India.

17. Pursuant to CPLR §§5222, 5224, 5225, 5227 and/or other applicable sections of the CPLR, Petitioner EITZEN has or shortly will serve its Subpoena and Restraining Notice upon Respondents as garnishee of Judgment Debtor Ashapura's property.

18. Petitioner's Restraining Notice pursuant to CPLR § 5222 restrains such garnishees from transferring or allowing to be transferred any and all property in which non-party Ashapura has or may have an interest, and over which the Respondents exercise possession or control, whether such property is located within or outside the

358351.1

State of New York, and that any branch of such Respondents, wherever located, shall comply with such Restraining Notice.

19. Pursuant to Petitioners Subpoenas and CPLR § 5224, garnishee Respondent banks shall promptly answer the Subpoena served upon their New York places of business and thus inform the Petitioner as to the property of Judgment Debtor Ashapura which they hold, the location of such property, and the details of such property, whether such property is found within or without the State of New York.

20. Plaintiff EITZEN further respectfully submits that because the Judgment Debtor is a corporate entity, the provisions of CPLR § 5222(i) prohibiting the attachment of funds of $1,750 or less or such other statutory amount based upon the minimum wage are unnecessary to protect the Judgment Debtor and Pursuant to the COA, Plaintiff EITZEN respectfully requests to be allowed to attach any amount and that the Court find that that funds of $1,750 are unnecessary for the reasonable requirements of the Judgment Debtor Ashapura pursuant to the Court's authority under CPLR § 5222(i).

21. Pursuant to CPLR § 5225(b), the Court may Order a garnishee in possession of property of a judgment debtor to turn over such property to a judgment creditor in satisfaction of the debt. Further, a Court may Order a garnishee which is in possession of property of a judgment debtor, the location of which is outside New York State, to bring such property into the jurisdiction of the Court in order to satisfy the debt.

22. Pursuant to CPLR § 5227, the Court may Order a person who is or will become indebted to the judgment debtor to pay to the judgment creditor the debt upon maturity, and may further order that party to execute and deliver any document necessary

358351.1

to effect payment; and the Court may direct that a judgment be entered against such person in favor of the judgment creditor.

### Request for Relief

WHEREFORE, Petitioner prays:

a.      That this Court, pursuant to CPLR 5225(b) and 5227, Order that Respondents turn over such property of the Judgment Debtor Ashapura as may be in their possession, that property of the Judgment Debtor within the possession of Respondents but located outside New York State be Ordered brought into the State, and that such property be turned over to Plaintiff EITZEN in satisfaction of the New York Judgment up to and including the sum of $36,606,769.74 plus accruing interest.

b.      That this Court issue an Order pursuant to CPLR 5225(c) and 5227 Ordering Respondents to execute and deliver any document necessary to effect payment or delivery of property of the Judgment Debtor Ashapura to Plaintiff EITZEN up to and including the sum of $36,606,769.74 plus accruing interest.

c.      That this Court, pursuant to CPLR 5222(i), relieve petitioner of compliance with that provision and thus allow attachment of all property of Judgment Debtor Ashapura, as the protection of CPLR 5222(i) is unnecessary for the reasonable requirements of Judgment Debtor Ashapura.

d.      That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to a further order compelling additional Respondents and/or garnishees found to be within the jurisdiction of this Court and in possession of property of the Judgment Debtor to turn over such property,

358351.1

wherever located, in order to satisfy the debt of Judgment Debtor Ashapura owed to Petitioner EITZEN.

e. For such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
September 29, 2010

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
EITZEN BULK A/S

By: _____
Michael E. Unger
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

358351.1